UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MARY BAILEY

CIVIL ACTION

VERSUS

NUMBER 12-96-JJB-SCR

DEPUY ORTHOPAEDICS, INC., ET AL


### ORDER TO AMEND COMPLAINT

Plaintiff Mary Bailey filed a Complaint alleging subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. The Complaint names a defendants DePuy Orthopaedics, Inc., DePuy International Limited, Johnson & Johnson Services, Inc., Johnson & Johnson, and Johnson & Johnson International. Plaintiff alleged that she "resides" in Louisiana. As to defendant Johnson & Johnson International, the plaintiff alleged that it "is a multi-national corporation also based in New Brunswick, New Jersey."[1]

When subject matter jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated and of the state in which

---

[1] Record document number 1, ¶ 3.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

it has its principal place of business.

Plaintiff's allegation that she resides in Louisiana is not equivalent to alleging that she is a citizen of Louisiana. A person may reside in one state, any yet be a citizen of a different state. Although considering the other allegations in her Complaint this is unlikely, the better practice is for the plaintiff to alleged the state of her citizenship – which is the term used in § 1332.

Plaintiff's jurisdictional allegation regarding defendant Johnson & Johnson International is not sufficient for the court to determine whether diversity jurisdiction exists. Plaintiff did not allege the state where defendant Johnson & Johnson International is incorporated nor where it has it's principal place of business. The allegation that Johnson & Johnson International is a subsidiary of Johnson & Johnson, which is a New Jersey corporation with its principal place of business in that state, suggests that Johnson & Johnson International may also be a New Jersey corporation. The allegation that Johnson & Johnson International is "based" in New Jersey, although too vague to satisfy § 1332, does suggest that New Jersey is the state where it has its principal place of business. While it is unlikely that Johnson & Johnson International would be either incorporated or have its principal place of business in Louisiana, the better practice is for the plaintiff to properly allege the state where Johnson & Johnson International is

incorporated and has its principal place of business.

Therefore;

IT IS ORDERED that plaintiff Mary Bailey shall have 14 days to file an amended complaint which properly alleges her citizenship and the citizenship of defendant Johnson & Johnson International.

**Failure to comply with this order may result in the plaintiff's Complaint being dismissed for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, February 21, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE